IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **Ex Parte Application Pursuant to** ) | Case No. 21 CV 919 |
| **28 U.S.C. § 1782 For an Order to Take** ) | |
| **Discovery of Brian King for Use in a** ) | |
| **Foreign Proceeding,** ) | |

**MEMORANDUM OPINION AND ORDER**

Before me is Judge Lee's referral of the *ex parte* application of some two dozen parties pursuant to 28 U.S.C. § 1782 for an Order to Take Discovery of Brian King ("King") for Use in a Foreign Proceeding (the "Application"), allowing the applicants to serve a Subpoena Duces Tecum and Subpoena Ad Testificandum upon Brian King. [Dkt. ## 11, 12]. For the following reason, the application is granted.

Under Section 1782, a district court may grant an application upon three conditions. 28 U.S.C. § 1782(a); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011); *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020). The first is whether the person or entity from whom the discovery is sought resides or is found in the district of the district court to which the application is made. Here, the applicants allege that Brian King's personal residence is in LaGrange, Illinois. [Dkt. #1].

The second condition is that the discovery sought is for use in a proceeding before a foreign tribunal. Robert k. Campbell, solicitor from the U.K., avers that the applicants anticipate initiating a proceeding as claimants in the High Court of England and Wales in

1

London, England, against Equiti Capital UK Limited ("Equiti UK") to redress alleged losses suffered as a result of its facilitation and concealment of a fraudulent Forex trading scheme operated by Mediatrix Capital Inc. and Blue Isle Markets Inc. and its successor, Blue Isle Markets Ltd. [Dkt. #6, Pars. 4-8]. The applicants have served Equiti UK with a Letter of Claim, to which Equiti UK responded, saying they will put the applicants to their proof. [Dkt. #6, Pars. 9-12]. As such, the planned proceedings are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004); *In re Gorsoan Ltd. for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 2021 WL 299286, at *2 (2d Cir. 2021)(". . . the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated.").

The third condition is that the application is made by an interested party. Each of the applicants here meet that requirement, because each expects to be a claimant in the anticipated U.K. Proceeding.

Even if those conditions are satisfied, a district court is not required to grant a Section 1782 discovery application. The Supreme Court has said that four additional factors should be considered: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding material; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign court to jurisdictional assistance from United States federal court; (3) whether the application to take discovery for use in a foreign proceeding is an attempt to circumvent restrictions in the foreign proceeding or other polices of the foreign

country or the United States; and (4) whether the subpoena contains unduly or intrusive burdensome requests. *Intel Corp.*, 542 U.S. at 264.

As to these factors, Mr. Campbell avers that Mr. King will not be a party in the anticipated U.K. Proceeding, and therefore will remain outside the power of the High Court of England and Wales to compel production. [Dkt. #6, Pars. 13, 19]. All indications are that the documents and testimony elicited from Mr. King will be admissible in the U.K. proceeding and are not barred by any applicable law or local court rules. [Dkt. #6, Pars. 17-18]. There is no indication that the applicants are attempting to circumvent restrictions in the foreign proceeding or other polices of the foreign country or the United States. [Dkt. #6, Par. 20]. Finally, there is no indication that the subpoena demands are unduly burdensome or intrusive. *See, e.g., In re Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at *7 (N.D. Ill. 2017); *In re Application of Bayer Healthcare LLC*, 2014 WL 2801206, at *2 (N.D. Ill. 2014).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/24/21

3